B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Arete Rehabilitation, Inc. | **DEFENDANTS**<br>NewCo Capital Group VI, LLC and<br>Anthem Blue Cross and Blue Shield |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Amann Burnett, PLLC<br>757 Chestnut Street<br>Manchester, NH 03104 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Turnover of estate property pursuant to 11 U.S.C. § 542.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Arete Rehabilitation, Inc. | BANKRUPTCY CASE NO.<br>22-11661-CJP | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE<br>Panos | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>February 18, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joshua A. Burnett, Esq. (677792) | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>ARETE REHABILITATION, INC.<br>    Debtor | Case No.  22-11661-CJP<br>Chapter 11 (Subchapter V) |
| ARETE REHABILITATION, INC.,<br>                    Plaintiff,<br>vs.<br>NEWCO CAPITAL GROUP VI, LLC &<br>ANTHEM BLUE CROSS AND BLUE<br>SHIELD,<br>                    Defendants. | Adv. Pro. No. |

**COMPLAINT TO REQUIRE TURNOVER OF PROPERTY OF THE ESTATE**

NOW COMES Arete Rehabilitation, Inc., Debtor-in-Possession in the above captioned Chapter 11 (Subchapter V) bankruptcy case ("Debtor") and Plaintiff in the above-captioned adversary proceeding, and hereby alleges the following based on its own knowledge or upon information and belief:

**Introduction**

1.      This is an adversary proceeding to compel Defendant Anthem Blue Cross and Blue Shield ("Anthem") to deliver and turn over to the Debtor funds which are property of the Debtor's bankruptcy estate, and which are currently in Anthem's possession, custody, or control. Pre-petition, Defendant NewCo Capital Group VI, LLC ("NewCo"), had obtained a lien on the Debtor's receivables from various insurance companies, including Anthem, which the Debtor regularly bills for therapeutic services it provides to its patients. Pre-petition, NewCo sent an account debtor notice

to Anthem demanding that Anthem pay to NewCo all funds otherwise payable to the Debtor. Upon information and belief, Anthem did not pay any funds to NewCo, but has been holding funds as a result of NewCo's demand and currently holds funds payable to the Debtor.

### Jurisdiction & Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(E).

3. Venue is proper in this district under 28 U.S.C. § 1409(a). This adversary proceeding is related to a Chapter 11 (Subchapter V) bankruptcy case, (Arete Rehabilitation, Inc., 22-11661-CJP), pending in this district.

4. This adversary proceeding is commenced pursuant to Fed. R. Bankr. P. 7001(1) and 11 U.S.C. § 542.

5. The Debtor consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

### Parties

6. The Debtor is the Debtor-In-Possession in the above-captioned Chapter 11 (Subchapter V) bankruptcy case.

7. The Defendant, NewCo, is a limited liability company having a principal place of business at 90 Broad Street, Suite 903, New York, NY 10004.

8. The Defendant, Anthem, is a corporation having a principal place of business at 1155 Elm Street, Suite 200, Manchester, NH 03101.

**Factual Background**

9. On November 15, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 (Subchapter V) of the Bankruptcy Code. The Debtor continues in possession of its property and manages its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 & 1108.

10. The Debtor is a healthcare business that provides physical therapy care to primarily over-65 patients. In addition to operating locations in MA and ME, the Debtor's therapists also provide care in-home and in adult daycare settings. Additional information regarding the Debtor and its bankruptcy case, including the nature of the Debtor's business and operations, and reason for filing the bankruptcy case, can be found in the pleadings filed in the underlying bankruptcy case.

11. Pre-petition, the Debtor granted a lien to NewCo on certain assets including the Debtor's receivables in connection with a revenue purchase agreement between NewCo and the Debtor.

12. Pre-petition, the Debtor defaulted on the terms of the revenue purchase agreement and NewCo sent account debtor notices to various insurers, including Anthem, from which the Debtor receives revenue, requiring those insurers to pay NewCo instead of the Debtor.

13. Upon information and belief, Anthem did not remit funds to NewCo pursuant to NewCo's account debtor notice and is instead holding funds otherwise payable to the Debtor in an estimated amount in excess of $20,000 and as much as $25,000.00 (the "Funds").

14. Anthem has continued to hold the Funds and additional funds as they have become due the Debtor post-petition.

15. Upon information and belief, Anthem received notice of the bankruptcy case shortly

after it was filed.

16. On or about February 2, 2023, NewCo's counsel provided written notice to Anthem's counsel with instructions to remove its lien from the Debtor's account with Anthem and recommence making disbursements to the Debtor because of the Debtor's pending bankruptcy case.

17. NewCo, through its counsel, has expressed its assent to the relief sought by the Debtor in this complaint and the turnover of the Funds to the Debtor.

18. To date, Anthem has not disbursed any Funds to the Debtor and remains in possession, custody, or control of the Funds.

## COUNT I
## Declaratory Judgment

19. The Debtor repeats and realleges paragraphs 1 through 18 hereof, as if fully set forth herein.

20. Pursuant to 28 U.S.C. § 2201, this Court may determine the rights and relations of any party in interest seeking a declaration as to those rights, whether or not relief is or could be sought.

21. To the extent there is a controversy between the parties as to whether the Debtor is entitled to possession of the Funds, the Debtor seeks a declaration that the Funds are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541.

## COUNT II
## Turnover

22. The Debtor repeats and realleges paragraphs 1 through 21 hereof, as if fully set forth herein.

23. The Funds can be used, sold, or leased by the Debtor pursuant to 11 U.S.C. § 363 and are of more than inconsequential value to the Debtor's bankruptcy estate.

24. Despite receiving written notice from NewCo to disburse the Funds to the Debtor, Anthem has, to date, failed to do so in violation of 11 U.S.C. § 542.

WHEREFORE, the Debtor respectfully requests that the Court find in favor of the Debtor on all counts herein and order:

A. That the Funds are property of the Debtor's bankruptcy estate;

B. That Anthem account for the Funds;

C. That Anthem turn over and deliver the funds to the Debtor.; and

D. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
Arete Rehabilitation, Inc.
By counsel,

Date:   2-18-23

/s/Joshua A. Burnett
Joshua A. Burnett, Esq.
BBO # 677792
AMANN BURNETT, PLLC
757 Chestnut Street
Manchester, NH 03104
603-696-5401
jburnett@amburlaw.com

/s/ William J. Amann
William J. Amann, Esq.
BBO # 648511
AMANN BURNETT, PLLC
757 Chestnut Street
Manchester, NH 03104
603-696-5401
wamann@amburlaw.com